U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 11 2007
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CIVIL ACTION NO. 06-5113

RICHARD B. CAWTHORN AND
BARBARA D. CAWTHORN, his wife;
ANDERSON GAS & PROPANE, INC.; WILHELM
RICHERT AND ELTA RICHERT, his wife;
AND WINFORD C. CULVER AND
SHIRLEY M. CULVER, his wife; and
STATE OF ARKANSAS, DEPARTMENT OF
FINANCE AND ADMINISTRATION, DEFENDANTS

## DECREE OF FORECLOSURE

Now on this 11th day of September, 2007, this case comes on to be heard, and the Court being advised in the premises, finds:

1. That the Court has jurisdiction of the parties and subject matter herein.

2. That the Plaintiff filed its Complaint on June 23, 2006, its Amended Complaint on August 3, 2006, and its Second Amended Complaint on April 24, 2007.

3. That the Defendant Richard B. Cawthorn was served with summons and a copy of complaint by certified mail on July 12, 2006, the amended complaint by U.S. Marshal's Service on September 21, 2006 and the second amended complaint by United States Marshal's Service on May 16, 2007.

4. That the Defendant Barbara D. Cawthorn was served with summons and a copy of complaint by certified mail on July 5, 2006, the amended complaint by U.S. Marshal's Service on September 21, 2006, and the second amended complaint by United States Marshal's Service on May 16, 2007.

5. That the Defendant Anderson Gas & Propane, Inc., was served with summons and a copy of complaint by certified mail on June 29, 2006, the amended complaint on August 3, 2006, and the second amended complaint on April 24, 2007.

6. That the Defendant Wilhelm Richert was served with summons and a copy of second amended complaint by certified mail on April 25, 2007. That the Defendant Wilhelm Richert has failed to file an answer or other pleading. The Defendant Wilhelm Richert does not contest the relief requested in the second amended complaint, and consents to the entry of this Decree as evidenced by his signature thereto.

7. That the Defendant Elta Richert was served with summons and a copy of second amended complaint by certified mail on April 25, 2007. That the Defendant Elta Richert has failed to file an answer or other pleading. The Defendant Elta Richert does not contest the relief requested in the second amended complaint, and consents to the entry of this Decree as evidenced by her signature thereto.

8. That the Defendant Winford C. Culver was served with summons and a copy of second amended complaint by certified mail on May 9, 2007. That the Defendant Winford C. Culver has failed to file an answer or other pleading. The Defendant Winford C. Culver does not contest the relief requested in the second amended complaint, and consents to the entry of this Decree as evidenced by his signature thereto.

9. That the Defendant Shirley M. Culver was served with summons and a copy of second amended complaint by certified mail on May 9, 2007. That the Defendant Shirley M. Culver has failed to file an answer or other pleading. The Defendant Shirley M. Culver does not

contest the relief requested in the second amended complaint, and consents to the entry of this Decree as evidenced by her signature thereto.

10. That the Defendant State of Arkansas, Department of Finance and Administration was served with summons and a copy of the amended complaint by certified mail on August 11, 2006. The second amended complaint was served on April 24, 2007.

11. That the Defendant Anderson Gas & Propane, Inc. filed its original answer on July 7, 2006, its answer to the amended complaint on August 17, 2006, and its answer to the second amended complaint on April 27, 2007.

12. That the Defendant State of Arkansas, Department of Finance and Administration filed its answer to the amended complaint on August 29, 2006, and its answer to the second amended complaint on May 7, 2007.

13. That the default of Defendants Richard B. Cawthorn and Barbara D. Cawthorn to the original complaint was entered by the Clerk on November 8, 2006, pursuant to Rule 55(a), Federal Rules of Civil Procedure. That the default of Defendants Richard B. Cawthorn and Barbara D. Cawthorn to the second amended complaint was entered by the Clerk on July 10, 2007.

14. That, for valuable consideration, on the 9th day of October 1984, Richard B. Cawthorn and Barbara D. Cawthorn, his wife, Defendants herein, executed an Assumption Agreement whereby they assumed payment of two promissory notes dated the 19th day of July 1984, payable to the United States of America acting through the Farm Service Agency and originally executed by Ronald S. Seeley and Valory E. Seeley. Said Promissory Notes were secured by Real Estate Mortgages whereby Ronald S. Seeley and Valory E. Seeley had executed

such Real Estate Mortgages to secure said indebtedness owed to the United States on March 31, 1981, May 26, 1981, January 4, 1982, September 23, 1982 and May 17, 1983, granting the United States of America a lien in and to the property in Washington County, Arkansas, more particularly described as follows:

> The Northeast Quarter (NE¼) of the Southeast Quarter (SE¼) of Section Thirteen (13), Township Fifteen (15) North of Range Thirty-one (31) West, containing 40 acres, more or less.

A copy of the Assumption Agreement was attached to Plaintiff's Amended Complaint as Exhibit "A".

15.   That, for valuable consideration and to obtain loan assistance from the United States of America, acting through the Farm Service Agency, Richard B. Cawthorn and Barbara D. Cawthorn, his wife, Defendants herein, executed and delivered to the United States of America, the following Promissory Notes which are more particularly described as follows:

| Date of Note | Principal | Int. Rate | Term |
|---|---|---|---|
| April 14, 1994 | $129,917.71 | 5.0% | 25 years |

*This note was reamortized from note dated March 31, 1981, in the amount of $100,000.00

| Date of Note | Principal | Int. Rate | Term |
|---|---|---|---|
| April 14, 1994 | $10,016.76 | 5.0% | 28 years |

*This note was reamortized from note dated September 22, 1982, in the amount of $9,800.00

Copies of the Promissory Notes were attached to Plaintiff's Amended Complaint as Exhibit "B" collectively.

16.   That the Plaintiff is the legal holder of this assumption agreement and promissory notes.

4

17. That, concurrently with the execution of the Notes and for the purpose of securing payment of the indebtedness evidencing said Notes, Defendants Richard B. Cawthorn and Barbara D. Cawthorn, his wife, executed, acknowledged in the manner required by law, and delivered to the United States of America, certain Real Estate Mortgages for Arkansas, as follows:

| Date of Mortgage | Date Filed | Filing Information |
| --- | --- | --- |
| October 9, 1984 | October 9, 1984 | Filed in Book 1121, Page 284 Office of the Circuit Clerk & Ex-Officio Recorder, Washington County, Arkansas |
| April 25, 1989 | April 25, 1989 | Filed in Book 1315, Page 531 Office of the Circuit Clerk & Ex-Officio Recorder, Washington County, Arkansas |

The property in Washington County, Arkansas, subject to said mortgages, is more particularly described as follows:

> The Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4)
> of Section Thirteen (13), township fifteen (15) North of Range
> Thirty-one (31) West, containing 40 acres, more or less.

Copies of said Mortgages were collectively attached to Plaintiff's Amended Complaint as Exhibit "C".

18. That the Plaintiff is the legal holder of these mortgages which constitute a first and valid lien upon the real estate described therein.

19. That despite notice and demand, the Defendants Richard B. Cawthorn and Barbara D. Cawthorn have neglected and refused to pay their obligation on these notes and are in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and

5

elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of these notes the sum of $122,309.39, plus accrued interest of $35,687.72, as of May 19, 2005, for a total of $157,997.11, with interest accruing thereafter at the rate of $18.1014 per day, until date of judgment.

20. For a valuable consideration, the Defendants Richard B. Cawthorn and Barbara D. Cawthorn in said mortgages waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendants likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

21. That, Defendants, Richard B. Cawthorn and Barbara D. Cawthorn, have violated the covenants of the Notes and Mortgages, and by reason of such default, Plaintiff has decided to exercise its right of acceleration and declare the entire unpaid balance, including principal and interest, immediately due and payable. Despite repeated demands, Defendants, Richard B. Cawthorn and Barbara D. Cawthorn, have refused, failed and neglected to pay the balance due. That all conditions precedent have been performed and amicable demand has been made, but without avail. A copy of the Notice of Acceleration, which outlines in detail the Default of Defendants, was attached to the Second Amended Complaint as Exhibit "E".

22. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Second Amended Complaint.

23. That the Defendant Anderson Gas & Propane, Inc., has an interest in the property which is the subject of this action by virtue of a Mortgage, dated March 18, 2003 and filed for record March 18, 2003 as Land Document No. 2003-00017606, among the land records of

6

Washington County, Arkansas, executed by Richard B. Cawthorn and Barbara J. Cawthorn, husband and wife, in favor of Anderson Gas & Propane, Inc., in the original principal amount of $10,165.04 and by virtue of a Decree of Foreclosure filed March 9, 2005, in Case No. CV 04-2185-6 in the Washington County Circuit Court, styled <u>Anderson Gas & Propane, Inc., vs. Richard B. Cawthorn and Barbara J. Cawthorn, husband and wife</u>. The balance owing on such debt as of March 4, 2005, is the amount of $11,431.94 with interest accruing from March 4, 2005 in the amount of 6.00% per annum. Such interest is subordinate and inferior to the mortgage and interest of the Plaintiff. Such interest is also subordinate and inferior to the lien and interest of the Defendant, State of Arkansas, Department of Finance and Administration.

24.     That the Defendants Wilhelm Richert and Elta Richert are the owners of real property which is adjacent to the property subject to Plaintiff's lien and is more particularly described as follows:

> A part of the South Half (S½) of the Northeast Quarter (NE¼) of Section Thirteen (13), Township Fifteen (15) North, Range Thirty-one (31) West, being more particularly described as follows:     Beginning at a point that is North 89 degrees 14'37" East 1969.93 feet and South 2 degrees 54' East 674.2 feet from the Northwest corner of the S ½ of the NE ¼ of said Section 13, and running thence South 2 degrees 21'31" East 645.51 feet along a fence line and its projection to the South line of said 80 acre tract; thence South 89 degrees 27'38" West 1405.72 feet along said South line; thence leaving said South line and running North 0 degrees 47'21" West 122.66 feet to and along a fence line to a fence corner; thence North 48 degrees 28' West 258.94 feet along said fence line and its projection to the centerline of Arkansas State Highway No. 265; thence Northeasterly along said center line the following: North 42 degrees 15'30" East 265.9 feet; North 42 degrees 31'27" East 163.3 feet; North 44 degrees 10' East 144.4 feet; North 49 degrees 20' East 90.02 feet; thence leaving said centerline and running South 88 degrees 29' East 450.42 feet to a fence corner; thence Southeasterly along a fence line the following: North 69 degrees 25' East 11.7 feet; South 82 degrees 37' East 287.3 feet; South 80 degrees 55' East 222.1 feet; South 76 degrees 41' East 155.2 feet to the point of beginning, containing 23.7 acres, more or less, Washington County, Arkansas.

That such property is subject to an easement and right-of-way for access between the property which is the subject of this foreclosure action and Arkansas Highway 265 as presently exists and which has existed for many years which lies inside and along the south border of the property described in this paragraph.

25. That the Defendants Winford C. Culver and Shirley M. Culver are the owners of real property which is adjacent to the property subject to Plaintiff's lien and is more particularly described as follows:

> Part of the Southwest Quarter (SW¼) of the Northeast Quarter (NE¼), Section Thirteen (13), Township Fifteen (15) North, Range Thirty-one (31) West described as beginning at a point North 88 degrees 26'30" West 2063.97 feet from the East ¼ corner of said Section Thirteen (13); thence North 88 degrees 26'30" West 465.05 feet to the centerline of Arkansas Highway No. 265; thence along said Highway centerline North 43 degrees 28'26" East 198.35 feet to a P.C. of a curve to the right with a radius of 3265.23 feet; thence along said curve an arc distance of 110.80 feet to the P.T. of said curve; thence North 45 degrees 25'05" East 100.45 feet; thence leaving said Highway right-of-way centerline South 44 degrees 51'03" East 258.94 feet; then South 01 degree 33' 30" West 122.66 feet to the point of beginning, containing 1.89 acres, more or less, Washington County, Arkansas.

That such property is subject to an easement and right-of-way for access between the property which is the subject of this foreclosure action and Arkansas Highway 265 as presently exists and which has existed for many years which lies inside and along the south border of the property described in this paragraph.

26. That the Defendant State of Arkansas, Department of Finance and Administration has an interest in the property which is the subject of this action by virtue of a Lien filed for record May 1, 2000 in Lien Book 42 at Page 125 of the records of Washington County, Arkansas

against Richard B. Cawthorn, in the original amount of $4,773.40 plus penalties and interest. Such interest is subordinate and inferior to the mortgage claim of the Plaintiff.

27. That the Defendant State of Arkansas, Department of Finance and Administration has an interest in the property which is the subject of this action by virtue of a Lien filed for record May 19, 2000 in Lien Book 42 at Page 290 of the records of Washington County, Arkansas against Richard B. Cawthorn, in the original amount of $2,716.83 plus penalties and interest. Such interest is subordinate and inferior to the mortgage claim of the Plaintiff.

28. That the Defendant State of Arkansas, Department of Finance and Administration has an interest in the property which is the subject of this action by virtue of a Lien filed for record December 9, 2002 in Lien Book 53 at Page 120 of the records of Washington County, Arkansas against Richard B. Cawthorn, in the original amount of $5,543.06 plus penalties and interest. Such interest is subordinate and inferior to the mortgage claim of the Plaintiff.

29. That the time for the Defendants Richard B. Cawthorn and Barbara D. Cawthorn to otherwise plead has now expired and they have failed to appear or plead to the Complaint; they are not infants, or incompetent persons, or in the active military service of the United States, and they are in default.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment in rem against the property and not in personam against the Defendants Richard B. Cawthorn and Barbara D. Cawthorn in the amount of $157,997.11, plus interest accruing at a rate of $18.1014 per day from May 19, 2005, to date of judgment, together with interest at the legal rate of 4.27 percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid.

9

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Washington County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Washington County Courthouse in Fayetteville, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the excess shall be distributed to the State of Arkansas, Department of Finance and Administration, to the extent of its lien. Should the sale bring proceeds in excess of the Plaintiff's claim, the claim of the State of Arkansas, Department of Finance and

Administration, and costs, the excess shall be distributed to Anderson Gas & Propane, Inc., to the extent of its lien. Should the sale bring proceeds in excess of the Plaintiff's claim, the claim of the State of Arkansas, Department of Finance and Administration, Anderson Gas & Propane, Inc., and costs, the excess shall be distributed to the Defendants Richard B. Cawthorn and Barbara D. Cawthorn.

IT IS FURTHER ORDERED, that an easement and right of access to and from the said property as set forth in paragraphs 24 and 25 are hereby recognized and the purchaser at the sale and the heirs, successors and assigns of said purchaser shall have the right of ingress and egress across said properties as more specifically set forth in paragraphs 24 and 25.

JURISDICTION of this case is retained.

/s/ _____
HONORABLE JIMM LARRY HENDREN
CHIEF, UNITED STATES DISTRICT JUDGE

APPROVED:

/s/ Claude S. Hawkins, Jr.
_____
Claude S. Hawkins, Jr.
Assistant U.S. Attorney

/s/ William K. Greenhaw
_____
William K. Greenhaw
Attorney for Anderson Gas & Propane, Inc.

/s/ Mark S. Ferguson
_____
Mark S. Ferguson
Revenue Legal Counsel
Arkansas Department of Finance & Admin.


/s/ Susan A. Fox
_____
Susan A. Fox
Attorney for Winford Culver and Shirley Culver



_____
Winford Culver



_____
Shirley Culver



_____
Wilhelm Richert



_____
Elta Richert

APPROVED:

*/s/ Claude S. Hawkins*

Claude S. Hawkins, Jr.
Assistant U.S. Attorney


_____

William K. Greenhaw
Attorney for Anderson Gas & Propane, Inc.


_____

Mark S. Ferguson
Revenue Legal Counsel
Arkansas Department of Finance & Admin.


*/s/ Susan A. Fox*

Susan A. Fox
Attorney for Winford Culver and Shirley Culver


*/s/ Winford Culver*

Winford Culver


*/s/ Shirley Culver*

Shirley Culver


_____

Wilhelm Richert


_____

Elta Richert

12

APPROVED:

_/s/ Claude S. Hawkins_
Claude S. Hawkins, Jr.
Assistant U.S. Attorney


_____
William K. Greenhaw
Attorney for Anderson Gas & Propane, Inc.


_____
Mark S. Ferguson
Revenue Legal Counsel
Arkansas Department of Finance & Admin.


_____
Susan A. Fox
Attorney for Winford Culver and Shirley Culver


_____
Winford Culver


_____
Shirley Culver


_/s/ Wilhelm Richert_
Wilhelm Richert


_/s/ Elta Richert_
Elta Richert

12